1  Dwight Hunter
2  966 Torrey Pine Drive
   Colton, California 92324
3  (323) 972-1460  Fax  (323) 734-1346

4
5  In Pro Se

FILED

2008 DEC 30 AM 1:49

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
EASTERN DIVISION

BY: _____

7            UNITED STATES DISTRICT COURT

8           CENTRAL DISTRICT OF CALIFORNIA

9
                                    CV 08 - 08603
10
11  DWIGHT HUNTER                    ) Case No.
                                     )
12         Plaintiff (s),            ) VERIFIED COMPLAINT FOR
                                     ) CONSPIRARY TO COMMIT
13  vs.                              ) FRAUD, FRAUD, EQUITABLE
                                     ) RELIEF, DECLARATORY FOR
14                                   ) QUIET TITLE AND INJUNCTIVE
15  OWNIT MORTGAGE SOLUTIONS         ) RELIEF.
    INC; SELECT PORTFOLIO            )
16  SERVICING INC, & SAN             )
    BERNANDINO COUNTY SHERIFF'S      ) U.S.C. Title 18, § 1001
17                                   )
18  DEPARTMENT                       )
                                     ) Filing Date:
19                                   ) Judge:
          Defendant(s).             ) Dept:
20                                   ) Hearing Date:
                                     ) Hearing Time:
21  Does 1 through 10                ) Trial Date:
                                     )
22  _____)

23
24
25            **PREVIOUS LAWSUITS**

26     No previous lawsuits have been brought by the Plaintiff in a Federal Court

27  regarding the matters and parties as complained of herein.

28

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

There are no Administrative Remedies available to the allegation as contained herein, and therefore required to commence with this Action.

## JURISDICTION

The Plaintiff, Dwight Hunter is a resident of the State of California, and a Citizen of the United States, presently residing respectively at the above captioned address.

The alleged violation(s) contained herein occurred in the State of California, United States of America, by the Defendant(s) respectively, wherein the offense was committed, in violation of the Plaintiff's rights and applicable State and Federal Statutes, Code, Laws and customs.

The defendant(s) are/is sued in their known Corporate Name's and Capacities, whereas upon discovering the true names and capacities, the Plaintiff would amended the Complaint to reflect the Defendant(s) true names and capacity.

## STATEMENT OF FACTS

On or about July 5. 2006, the Plaintiff was induced into entering an agreement, between him and the Defendant, Ownit Mortgage Solutions herein referred to as, the "Adjustable Rate (Promissory) Note", wherein the Plaintiff was lead to believe by the Defendant's agent, representatives and/or employees, that the Lender would be providing a loan for the purchase of Real Property in the amount stated therein, and the Plaintiff would be indebted to the Defendant in like, for the loan and interest.

Concurrent with the Promissory Note, a Deed of Trust, was created AS A CONDITION to the "Loan", and the Plaintiff also induced to execute the Trust to the benefit of the Defendant, which provided the Real Property as described therein, as Security for said alleged "LOAN".

Contained with the Promissory Note, and subsequently reiterated within the body of the Deed of Trust, are conditions pursuant to the "LOAN", wherein the Plaintiff, was mislead by advertisements, statements an documents he would be receiving a loan, therein based upon this fraudulent misrepresentation, he executed the Promissory Note and Trust Deed, in which, he agreed he would owe the sum of $245,000.00, payable to the Defendant or holder in due course of said instruments.

Thereafter the Defendants, Defendant's Assignees, Agents, Employee's or beneficiaries therein, did and continued to make demands for payment of the loan, under threat of enforcement of the Deed of Trust, which the Plaintiff had been induced into executing.

Upon discovery of the facts with regards to the Commercial laws, and subsequent methodology of the Modern Mechanics of Money, Federal Reserve Manual , (Public Information Center Federal Reserve Bank of Chicago P. O. Box 834 Chicago, IL 60690-0834 telephone: 312 322 5111), I was able to ascertain therein that the Note, held by the Defendant was in fact, an instrument, in which they could negotiate for a discounted value, therefore receiving a substantial part of the loan in the negotiation, and sale thereafter of the note.

As such, I have reason to believe the Defendant, Defendant's Agents, Assignee's, Representatives and/or Employee's Conspired to defraud me of the difference between what they actually lent, if any thing, and the value they received upon successfully negotiating the note with other parties unknown to the Plaintiff.

Therefore, upon discovering these facts, I filed this timely complaint to address the matters complained of hereafter.

## FIRST CAUSE OF ACTION
## CONSPIRACY TO COMMITT FRAUD

Although, the exact nature of the relationship between the Defendant, and its

1  Successors, assignees and the other parties known to the Defendant, and undisclosed

2  to the Plaintiff, as will be evidenced in the Promissory Note and Deed of Trust as

3  will be submitted at Trial, it will evidence that the documents, have been altered in

4  the form or format utilized for the purpose of negotiating instruments, which are to

5  sold or purchased in accordance with Federal Reserve policy.

6       As such, the parties who were to benefit, be they lenders, brokers, escrow and

7  like conspired collectively and over the duration of the relations to defraud the

8  Plaintiff of monies.

9

10

## SECOND CAUSE OF ACTION

## FRAUD

11

12

13       The First Cause of Action Incorporated herein, It is an excepted Judicial fact,

14  that a Promissory Note and Deed of Trust are in fact Fraud, as well, in accordance

15  with California Civil Code § 2922, wherein the Defendant simply has nothing to

16  convey, nothing by the way of consideration (money) or real property pursuant to

17  receiving the note or deed from the Plaintiff.

18       As such, the Promissory Note and Deed of Trust executed by the Plaintiff in

19  favor of the Defendant are fraudulent documents, invalid, inoperative and declarable

20  as such.

21       There is more than sufficient evidence, which will be presented at Trial,

22  sustaining the Defendant(s) had no intention on lending the Plaintiff monies or other

23  such assets, as is evidence in the body of the Promissory Note or Trust Deed, which

24  failure to provide actual consideration to the Plaintiff; The Defendant(s) knowingly

25  mislead the Defendant to believe they were Principal parties in the Trust Deed,

26  wherein in fact, they had no capacity based upon the prevailing Commercial Laws to

27  lend monies, or other consideration, therein the Defendant actions are barred as a

28  result their individual and collective Fraud, pursuant to **Cal. C.C. § 1571. wherein
"Fraud is either actual or constructive. 1572. Actual fraud, within the meaning of this**

Chapter, consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract: 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; 2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; 3. The suppression of that which is true, by one having knowledge or belief of the fact; 4. A promise made without any intention of performing it; or, 5. Any other act fitted to deceive.

Thereafter, under the threat of litigation, the Defendant did and continues to collect, attempt monies from the Plaintiff in the form of monthly payments, or the sale of the Plaintiff real property, pursuant to fraudulent documents, as is evidenced by the Defendant's collection notices, and subsequent acts to collect upon an instrument, which they negotiated and received full consideration thereof, therein the by making of demands after the fact, are fraudulent and continual presentment of claims were with malice, and actionable herein by the Plaintiff for full recovery of all monies delivered onto the Defendant under duress and fraud.

## THIRD CAUSE OF ACTION
## EQUITABLE RELIEF

The First and Second Cause of Action(s) Incorporated herein, the Defendant in fact never lent any of its own pre-existing money, credit, or assets as consideration to purchase the Note or credit agreement from the Plaintiff. When the bank does the forgoing, then in that event, there is an utter *failure of consideration* for the "loan contract". When the Defendant deposited the Plaintiff's $245,000.00 of newly issued credit into an account, the Defendant created from $220,000 to $200,000 of new money (the nominal principal amount less up to ten percent or $24,000 of reserves that the Federal Reserve would require against a demand deposit of this size). The Defendant received $220,000 of credit or money of account from the Plaintiff as an asset. GAAP ordinarily would require that the Defendant record a liability account, crediting the Plaintiff's deposit account, showing that the

Defendant owes $220,000 of money to the Plaintiff, just as if the Plaintiff were to deposit cash or a payroll check into their account.

Should the following appear to be a disputed fact in this case, it is alleged that Defendant refused to lend the Plaintiff the Defendant's own money or assets and recorded a $245,000 loan from the Plaintiff to the Defendant, which arguably was a $245,000 deposit of money of account by the Plaintiff, and then when the Plaintiff repaid the Defendants by paying its own credit (money of account) in the amount of $245,000 to third-party sellers of goods and services for the account of Plaintiff, the Plaintiff were repaid their loan to Defendant, and the transaction was complete.

None of the following material facts are disclosed in the credit application or Note or were advertised by Defendant to prove that the Plaintiff is the true lenders and the Defendant is the true borrower. The Defendant is trying to use the credit application form or the Note to persuade and deceive the Plaintiff into believing that the opposite occurred and that the Plaintiff was the borrower and not the lender. The following point is undisputed: The Plaintiff's loan of their credit to Defendant, when issued and paid from their deposit or credit account at Defendant, became money in the Federal Reserve System (subject to a reduction of up to ten percent for reserve requirements) as the newly issued credit was paid pursuant to written orders, including checks and wire transfers, to sellers of goods and services for the account of Plaintiff.

## FOURTH OF ACTION
## QUIET TITLE

The First, Second and Third Cause of Actions Incorporated herein, the Plaintiff is and at all times herein mentioned the owner and/or entitled to possession of the property located at 996 Torrey Pines Drive, Colton CA 92324.

Plaintiff is informed and believes and thereupon allege that the Defendant, and each of them, claim an interest in the property adverse to plaintiff herein. However, the claim of said Defendant is without any right whatsoever, and said Defendant have not legal or equitable right, claim, or interest in said property.

Plaintiff requests Judicial Notice of the discovered errors pursuant to the Fraudulent Deed of Trust, and subsequent attempt to propagate the fraudulent document on the open market, and deprive the Plaintiff of the equitable value pursuant to the Trustee sales, wherein the sale is in violation of the Rosenthal Act.

Wherein, the Defendant, purporting to act as a debt collector, are attempting to recover on a promissory note, collect a debt, that is at present in dispute, in violation of 15 U.S.C. § 1692(q), et seq.

Furthermore, the Trustee's Sale by the Defendant is barred by the doctrine of "ultra vires" on the grounds the Defendant are not duly appointed to conduct said Trustee Sale pursuant to C.C. § 2934, 12 U.S.C. § 3754(d)(1).

For which , the Plaintiff has no recourse but too complain herein for relief pursuant to Civil Code § 2934 & 15 U.S.C. § 1692(q) in order to protect his rights.

Plaintiff therefore seek  a declaration that the title to the subject property is vested in plaintiff alone and that the defendant herein, and each of them, be declared to have no estate, right, title or interest in the subject property and that said defendant, and each of them, be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to plaintiff herein.

## FIFTH CAUSE OF ACTION
## INJUNCTIVE RELIEF

The First, Second, Third and Fourth Cause of Action(s) Incorporated herein, the Plaintiff requests Injunctive Relief from the Defendants acts to posse, sale, encumber or propagate the distribution of real property.

The Defendants acts as complained of herein, are egregious and with malice and forethought, as a matter of practice. Wherein, were their acts to go unnoticed, the damages to the Plaintiff as well as other victims of the Defendants fraudulent practices would be irreparable.

The Plaintiff is at risk of losing his primary residence, equity in real property and legal relief, therefore resulting in great or irreparable injury, to the Plaintiff. **California Code of Procedure, § 525-527, When it appears by the complaint that the plaintiff is entitled to the relief demanded, and the relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually. (2) When it appears by the complaint or affidavits that the commission or continuance of some act during the litigation would produce waste,. (3) When it appears, during the litigation, that a party to the action is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the rights of another party to the action respecting the subject of the action, and tending to render the judgment ineffectual.**

The Plaintiffs meet the standards for issuance of a preliminary injunction, as the accompanying memorandum of law demonstrates.

The Plaintiffs respectfully request that the Court issue a Preliminary Temporary and Permanent Injunction, enjoining all parties from acting against the Real Property as complained for herein, wherein a delay would cause **irreparable injury** to the Plaintiff, and a miscarriage of justice.

WHEREFORE, plaintiff prays for a judgment against defendant and each of them, as follows:

1. This Court make a finding of fact, that the Promissory Note and Deed of Trust as complained for herein be declared Fraudulent Documents as such invalid in their respective legal application(s) or intent(s).
2. This Court make a finding of fact, wherein the Defendant has suffered

The Equitable value, in addition to Damages for monies paid to the Defendant(s) pursuant to the Fraudulent Notes and Deeds.

3.  The Defendant is entitled to Injunctive Relief pending the Court review of the matters complained of herein.

4.  For an order compelling said Defendant, Ownit Mortgage Solutions Inc, and

    each of them, to transfer legal title and possession of the subject property to Plaintiff herein;

5.  For a declaration and determination that Plaintiff is the rightful holder of title to the property and that Defendant Ownit Mortgage Solutions Inc herein, and each of them, be declared to have no estate, right, title or interest in said property;

6.  Cost the of Suit.

## VERIFICATION

The allegation contained herein, is the truth or my belief in the truth of those matters "under penalty of perjury."

Respectfully submitted

December 8, 2008

Dwight Hunter
966 Torrey Pine Drive
Colton, California 92324
(323) 972-1460  Fax  (323) 734-1346

In Pro Se

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☑) <br> DWIGHT HUNTER | DEFENDANTS <br> OWNIT MORTGAGE SOLUTIONS, INC.; SELECT PORTFOLIO ☐ <br> SERVICING INC, ☐ <br> & SAN BERNANDINO SHERIFF'S ☐ <br> ☐ |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> 966 TORREY PINE DRIVE ☐ <br> COLTON, CALIFORNIA 92324 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:**   JURY DEMAND: ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No          ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
FRAUD, CONSPIRACY, TEMPORARY AND PERMANENT INJUNCTION    18 § 1001

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS <br> PERSONAL INJURY | TORTS <br> PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☑ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty <br> ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment <br> ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark <br> SOCIAL SECURITY |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | IMMIGRATION | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SAN BERNANDINO | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SAN BERNANDINO | Washington |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
　　**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date December 8, 2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

### 2:CV08- 8603 CBM (AJWx)

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================================

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[_] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[_] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Dwight Hunter
966 Torrey Pines Drive
Colton, California 92324

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT HUNTER | **CASE NUMBER** |
| PLAINTIFF(S) | CV 08 - 08603 CBM AJWx |
| v. | |
| OWNIT MORTGAGE SOLUTIONS, INC; SELECT PORTFOLIO SERVICING, INC, & SAN BERNARDINO COUNTY SHERIFFS DEPT | **SUMMONS** |
| DEFENDANT(S). | |

TO:    DEFENDANT(S):  OWNIT MORTGAGE SOLUTIONS, INC; SELECT PORTFOLIO SERVICING,

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __Dwight Hunter__, whose address is _966 Torrey Pines Drive   Colton, California  92324_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

DEC 30 2008

Dated: _____

TERRY NAFISI
Clerk, U.S. District Court

By: _____ MARGO MEAD
                    Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*